IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAULA BEVERAGE and
DAVID ALMOND,

              Plaintiffs,

v.                                                             No. 18cv797 JCH/CG

AGING AND LONG-TERM SERVICE,
REGINA SENTELL WILSON,
GLORIA DETERMAN,
MATT THOMPSON,
TRACIE BUFFINGTON,
ROSWELL POLICE DEPARTMENT,
MIGUEL A. LOPEZ,
SOCIAL SECURITY ADMINISTRATION,
ANTONIO NUNEZ,
JOY CENTER,
DORY LNU,
LUCY LNU,
CHOICES FOR INDEPENDENT LIVING, INC.,   and
IVA AMARO,

              Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Social Security Administration's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) & (b)(6), Doc. 9, filed August 30, 2018. For the reasons stated below, the Court will **GRANT** the Motion and **REMAND** the remaining claims to the Fifth Judicial District Court, Chaves County, New Mexico.

Plaintiffs filed a complaint in the Fifth Judicial District Court, County of Chaves, New Mexico, on July 5, 2018, requesting a review of an administrative order issued by Defendant Aging and Long-Term Service. *See* Doc. 1-2. Defendant Social Security Administration ("SSA") removed the case to this Court on August 20, 2018, pursuant to 28 U.S.C. § 1442(a)(1)

which allows removal when a civil action is commenced against "[t]he United States or any agency thereof."  *See* Notice of Removal, Doc. 1.

Defendant SSA filed a motion to dismiss the claims against SSA for lack of jurisdiction because Plaintiffs: (i) have not established a waiver of sovereign immunity; (ii) have not exhausted administrative remedies before seeking judicial review of SSA's determinations; and (iii) have not exhausted administrative remedies for the alleged tort claims against SSA. Defendant SSA also asks the Court to dismiss the claims against Defendant Antonio Nunez, an employee of SSA, because a suit seeking Social Security benefits can be brought only against the Commissioner of Social Security and not against one of its employees. Notice of Removal at 6 (citing 42 U.S.C. § 405(g)).

Plaintiffs did not file a response opposing Defendant SSA's motion to dismiss their claims against SSA and its employee Defendant Antonio Nunez.  Instead, Plaintiffs filed a Request for Remand/Objection to Removal in which they state "Plaintiffs are not suing the Social Security Administration."  Doc. 18 at 2, filed September 13, 2018.

Having considered the arguments and law cited in Defendant SSA's motion to dismiss the claims against SSA and its employee Defendant Antonio Nunez, Plaintiffs' failure to oppose the motion to dismiss, and Plaintiffs' statement that they "are not suing the Social Security Administration," the Court will grant Defendant SSA's motion to dismiss the claims against SSA and its employee Defendant Antonio Nunez.

The only ground for removal in the Notice of Removal was that the action was against an agency of the United States.  Having dismissed all claims against that agency, the Court has reviewed the Complaint to determine whether the Court has jurisdiction over the claims against the remaining Defendants.  *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the

parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Complaint indicates that Plaintiffs and Defendants are citizens of New Mexico. *See* Complaint at 13-14. Consequently, there is no properly alleged diversity jurisdiction. Nor is there any properly alleged federal question jurisdiction because there are no allegations that this action arises under the Constitution, laws, or treaties of the United States. While the Complaint makes three references to "unconstitutional actions" and "unconstitutional process," such conclusory statements fail to state a claim arising under the Constitution, laws, or treaties of the United States. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Consequently, there is no subject matter jurisdiction over the remaining claims. The Court will, therefore, remand this case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

**IT IS ORDERED** that Defendant Social Security Administration's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) & (b)(6), Doc. 9, filed August 30, 2018, is **GRANTED.**

**IT IS ALSO ORDERED** that this case is **REMANDED** to the Fifth Judicial District Court, Chaves County, New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**